IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PAMELA ALLEN                                                                                    PLAINTIFF

vs.                                            CASE NO. 5:02CV00379GH

TOBACCO SUPERSTORE, INC., ET AL.                                         DEFENDANTS

## ORDER

On June 17, 2005, the Court entered judgment in favor of plaintiff, finding that defendants had discriminated against plaintiff on the basis of race in not promoting her to assistant manager in February, 2002 and to manager in November 2002; and had retaliated against her in not promoting her to manager in November, 2002. The Court awarded plaintiff back pay in the amount of $16,116.21 along with prejudgment interest on this amount to January 15, 2004, compensatory damages in the amount of $7500.00 and punitive damages in the amount of $75,000.00 along with attorneys' fees and costs. The Court found in favor of defendants on plaintiff's termination claim. On August 12, 2005, the Court denied defendants' motion to amend findings and judgment or alternatively, for new trial or remittitur.

Plaintiff has filed motions for attorneys' fees. Plaintiff requests an award of $107,750.00 in attorney's fees for Eugene Hunt ("Hunt") and $9,540.00 in attorney's fees for Sandra Y. Harris ("Harris"). Plaintiff also requests costs in the amount of $4,122.28.

Defendants object to the amount requested and ask that the Court defer ruling on plaintiff's motions for costs and attorney's fees pending resolution of the appeal before the Eighth Circuit Court of Appeals. Plaintiff has not responded to the motion to defer adjudication.

The Court will not defer adjudication of the attorney's fees issue. The Eighth

-1-

Circuit has cautioned against piecemeal appeals and has urged that motions for fees be resolved promptly so that an appeal on the attorney's fee issue can be considered by the appellate court together with any appeal taken from a final judgment on the merits. *Obin v. Dist. No. 9 of Int'l Ass'n of Machinists and Aerospace Workers*, 651 F.2d 574, 583 (8th Cir. 1981).

As a prevailing party, plaintiff is entitled to fees and costs. *See Farrar v. Hobby*, 506 U.S. 103 (1992). Defendants contend that since plaintiff did not prevail on all claims, the Court should reduce the fees and costs. The Court disagrees. To be a prevailing party, plaintiff" must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Forest Park II v. Hadley* , 408 F.3d 1052, 1059 (8th Cir. 2005( quoting *Farrar,* 506 U.S. 103, 109 (1992). Here, plaintiff achieved a high degree of success, obtaining over $98,000.00 in damages.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir.2002). The Court may adjust the lodestar amount in light of the twelve (12) factors first pronounced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), that is : (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases. *See Blanchard v. Bergeron*, 489 U.S. 87, 92 n. 5 (1989).

Plaintiff claims an hourly rate of $200.00 for Harris and $250.00 for Hunt. They have submitted an affidavit from Jesse L. Kearney, an attorney in private practice in the Pine Bluff area, who avers that the hourly rate for those attorneys with experience and skill similar to that of Hunt and Harris is $200.00 to $250.00. Neither Harris nor Hunt have submitted an affidavit outlining their experience. It is clear, however, from their bar association numbers as well as this Court's familiarity with them, that their experience is different. Hunt has been a licensed attorney since 1972; Harris since 1992. The Court finds that $250.00 an hour is a reasonable rate for Hunt while $175.00 is a reasonable rate for Harris.

Harris claims to have expended 47.7. hours while Hunt claims to have expended 431 hours. Defendants contend that the hours claims by Hunt are excessive. The Court agrees.

The Court notes that numerous entries are claimed for telephone calls. Indeed, about $7,925.00 is claimed for telephone calls to or from plaintiff. This is in addition to the many hours claimed for client conferences. In addition, Hunt claims 8.1 hours for preparation of the fee petition. The petition and brief are not particularly involved - two cases are cited and the petition contains a listing of date, work performed, hours expended and amount claimed. There is no unique legal skill required to compile the billing statement.

Hunt also claims time for administrative or clerical tasks such as "Filed Complaint, Copying, Summons, & Cover Sheet" - 10/15/02 8/10 of an hour; "Filing - 12/20/02 - 5/10 of an hour; "fax to Photopulos - 1/15/05; 1/10 of an hour; "fax to Photopulos" - 3/10/03 ; 2/10 of an hour; "Paralegal" - 6/29/03; 3/10 of an hour; "Filing" - 8/8/03; 5/10 of an hour; preparing subpoenas - 2/28/03 ; 2 ½ hours; subpoenas - 5/19/04;1.2 hours; Subpoenas - 5/20/04; 4.5 hours; Filing - 6/3/04; 6/10 hour; subpoena - 6/9/04; 2/10 hour.

The Court is persuaded , after a review of the record as well as considering

Hunt's over 30 years of experience, that 160 hours must be disallowed as not reasonably expended. The Court therefore finds plaintiff is entitled to $67,750.00 in attorney's fees for Hunt.

Much of the time claimed by Harris is for the trial. The Court finds that the time claimed by Harris was reasonably expended and plaintiff is entitled to an attorney's fee for Harris in the amount of $7,155.00.

The Court does not find any basis for adjusting the lodestar.

Plaintiff also claims costs in the amount of $4,122.28. Defendants have not objected to any of the costs, and the Court finds that plaintiff is entitled to recover costs in the amount of $4,122.28.

Thus, plaintiff is entitled to attorneys' fees and costs in the amount of $79,027.28.

Accordingly, the motions for attorneys fees and costs are granted to the extent set forth above. The motion to defer adjudication is denied.

IT IS SO ORDERED this 6th day of October, 2005.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE